NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 6 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSSUE RICARDO HERNANDEZ-ALVARADO, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 17-73163 <br><br> Agency No. A206-647-611 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 4, 2026**
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

Jossue Ricardo Hernandez-Alvarado petitions for review of the Board of

Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ")

(collectively, the "Agency") denial of his applications for asylum, withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). Where the BIA has conducted a de novo review of the IJ's decision, "our review is limited to the BIA's decision except to the extent that the IJ's opinion is expressly adopted by the BIA." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (citation modified). In reviewing the BIA's decision, "we consider only the grounds relied upon by [the] agency." *Id.* We review the BIA's "legal conclusions de novo and its factual findings for substantial evidence." *Id.* (citation omitted). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. The Agency did not err in holding that Hernandez-Alvarado is ineligible for asylum or withholding of removal because he failed to establish a cognizable particular social group ("PSG") or any other protected ground.[1] *See Akosung v. Barr*, 970 F.3d 1095, 1103 (9th Cir. 2020) (explaining that a PSG's cognizability is determined in part by whether the group is defined with particularity and is socially distinct within the society in question).

Substantial evidence supports the Agency's determination that Hernandez-Alvarado's proposed PSG of "young Salvadorian [sic] males who oppose gang and

---

[1] Because the lack of a protected ground is dispositive, we need not address whether the past harm Hernandez-Alvarado experienced rose to the level of persecution. *See Gonzalez-Veliz v. Garland*, 996 F.3d 942, 949 (9th Cir. 2021) ("As a general rule[,] courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (quoting *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976))).

cartel membership due to Catholic beliefs, and who have received death threats while living in El Salvador" lacked the requisite particularity.[2] *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745–46 (9th Cir. 2008) (finding "young men in El Salvador resisting gang violence" insufficiently particular), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc); *Ramos-Lopez v. Holder*, 563 F.3d 855, 861–62 (9th Cir. 2009) (finding proposed group of young Honduran men who resisted gang recruitment lacked particularity), *abrogated on other grounds by Henriquez-Rivas*, 707 F.3d 1081. This case does not compel a different result. Nor does the record compel the conclusion that Salvadoran society recognizes this group as "a discrete class of persons." *Henriquez-Rivas*, 707 F.3d at 1091 (quoting *Matter of S-E-G-*, 24 I. & N. Dec. 579, 584 (BIA 2008)).

Substantial evidence also supports the Agency's finding that Hernandez-Alvarado's PSG of persons from El Salvador "returning from the United States" and "perceived as being wealthy" lacked particularity. *See Reyes v. Lynch*, 842 F.3d 1125, 1139 (9th Cir. 2016) (holding that a PSG of "deportees from the United States to El Salvador" is "too amorphous, overbroad and diffuse"); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (holding that a PSG of "'imputed

---

[2] Contrary to Hernandez-Alvarado's argument, we do not find that the BIA impermissibly considered a reformulated PSG based on receiving death threats alone.

wealthy Americans' is not a discrete class of persons recognized by [Mexican] society as a [PSG]," nor is it "sufficiently particular that it can be described with passable distinction" as a discrete group); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam) (holding that PSG of "returning Mexicans from the United States" is "too broad to qualify as a cognizable social group"). Hernandez-Alvarado's attempts to distinguish our precedent are unavailing, as the record fails to demonstrate that gangs single out Salvadoran returnees from the United States based on their perceived wealth.

2. Substantial evidence supports the Agency's determination that Hernandez-Alvarado is ineligible for CAT protection.[3] Hernandez-Alvarado does not dispute that he failed to report or follow up with the police about the incidents of harm he experienced. And his "generalized country reports" that reflect some corruption, but also significant government efforts to combat gang activity, do not compel the conclusion that government officials likely would acquiesce in his torture. *See B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022).

**PETITION DENIED.**[4]

---

[3] The BIA did not misstate the relevant standard by referring to the "Salvadoran government" as a shorthand for public official, as is common practice. *See, e.g.*, *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034–35 (9th Cir. 2014); *Arteaga v. Mukasey*, 511 F.3d 940, 948–49 (9th Cir. 2007).

[4] The temporary stay of removal remains in place until the mandate issues. *See* Dkt. No. 8.